**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PES HOLDINGS, LLC, ) | Case No. 19-11626 (LSS) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 37-1698157 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| NORTH YARD GP, LLC, ) | Case No. 19-11627 (LSS) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 47-1145458 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| NORTH YARD LOGISTICS, L.P., ) | Case No. 19-11628 (LSS) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 47-1135952 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| PES ADMINISTRATIVE SERVICES, LLC, ) | Case No. 19-11629 (LSS) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 90-0913022 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| PES ENERGY INC., ) | Case No. 19-11630 (LSS) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 83-1160661 ) | |

1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PES INTERMEDIATE, LLC, | ) | Case No. 19-11631 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-1680074 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PES ULTIMATE HOLDINGS, LLC, | ) | Case No. 19-11632 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-1166061 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING LLC, | ) | Case No. 19-11633 (LSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-1689574 | ) | |

## FINAL DECREE (I) CLOSING CERTAIN OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the Liquidating Trust, on behalf of the above-captioned reorganized debtors (before the effective date of the Plan, collectively, the "Debtors," and after the effective date of the Plan, collectively, the "Reorganized Debtors") for entry of a final decree (this "Final Decree") closing certain of these chapter 11 cases, other than the case of *In re PES Administrative Services, LLC*, Case No. 19-11629 (LSS) (the "Remaining Case"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Final Decree.

2. The following chapter 11 cases of the Reorganized Debtors (the "Closing Cases") are hereby closed; *provided* that this Court shall retain jurisdiction as provided in the *Order Confirming the Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and its Debtor Affiliates* [Docket No. 1004] (the "Confirmation Order") and this Final Decree:

DOCS_DE:238625.2 70753/001

| Debtor | Case No. |
|---|---|
| 1. PES Holdings, LLC | 19-11626 (LSS) |
| 2. North Yard GP, LLC | 19-11627 (LSS) |
| 3. North Yard Logistics, L.P. | 19-11628 (LSS) |
| 4. PES Energy Inc. | 19-11630 (LSS) |
| 5. PES Intermediate, LLC | 19-11631 (LSS) |
| 6. PES Ultimate Holdings, LLC | 19-11632 (LSS) |
| 7. Philadelphia Energy Solutions Refining and Marketing LLC | 19-11633 (LSS) |

3.  The Remaining Case shall remain open pending further order of the Court, and, from and after the date of entry of this Final Decree, all motions, contested matters, adversary proceedings, notices and other pleadings relating to any of the Debtors or the Reorganized Debtors shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closing Cases; *provided* that matters concerning Claims may be heard and adjudicated in the Remaining Case, regardless of whether the applicable Claim is against a Reorganized Debtor in a Closing Case.

4.  Entry of this Final Decree shall have no effect whatsoever on any contest or other matters pending before this Court. For the avoidance of doubt, the Court retains jurisdiction over the adversary proceeding *PES Holdings, LLC, et al. v. Allianz Global Risks US Insurance Co., et al.*, No. 19-11626, Adv. Proc. No. 20-50454 (LSS) (the "Insurance Litigation"), such adversary proceeding is otherwise unaffected by entry of this Final Decree, and the closure of

4

the Closing Cases shall be without prejudice to and with full reservation of the parties' rights in the Insurance Litigation.

5. The Clerk of this Court shall enter this Final Decree individually on each of the dockets of the above-captioned chapter 11 cases and each of the dockets of the Closing Cases shall be marked as "Closed."

6. An entry shall be made on the docket of each of the Reorganized Debtors' cases, other than that of PES Administrative Services, LLC (Case No. 19-11629 (LSS)), that is substantially similar to the following:

> An order has been entered in accordance with Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware closing the chapter 11 cases of: PES Holdings, LLC (Case No. 19-11626 (LSS)); North Yard GP, LLC (Case No. 19-11627 (LSS)); North Yard Logistics, L.P. (Case No. 19-11628 (LSS)); PES Energy Inc. (Case No. 19-11630 (LSS)); PES Intermediate, LLC (Case No. 19-11631 (LSS)); PES Ultimate Holdings, LLC (Case No. 19-11632 (LSS)); and Philadelphia Energy Solutions Refining and Marketing LLC (Case No. 19-11633 (LSS)). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-11629 (LSS).

7. Paragraph 3 of the Joint Administration Order is hereby amended to provide that the Remaining Case will be jointly administered under Case No. 19-11629 (LSS), *In re PES Administrative Services, LLC*. The following caption shall be used in the case going forward:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES Administrative Services, LLC, | ) Case No. 19-11629 (LSS) |
| | ) |
| Reorganized Debtor. | ) (Jointly Administered) |
| | ) (Formerly Jointly Administered under |
| | ) Lead Case: PES Holdings, LLC, Case |
| | ) No. 19-11626) |

The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). On [●], 2022, the Court entered an order [Docket No. [●]] closing the chapter 11 cases of the Reorganized Debtors other than Case No. 19-11629 (LSS), *PES Administrative Services, LLC.*

8.  From and after the date of entry of this Final Decree, any payments made pursuant to the Plan on account of claims arising prior to the Effective Date shall be reflected in PES Administrative Services, LLC's post-confirmation quarterly reports regardless of which Debtor or Reorganized Debtor such claims are against.

9.  The final report for the Reorganized Debtors in the Closing Cases required under Local Rule 3022-1 (c) shall be included as part of a consolidated report for all the Reorganized Debtors and filed in connection with the closure of the Remaining Case.

10. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors, the Liquidating Trust, or any other party in interest to seek to reopen any of the Closing Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors or the Liquidating Trust to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that were filed against the Debtors in the Chapter 11 Cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors to file an objection to any claim in the Chapter 11 Cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against any Debtor or Reorganized Debtor.

11. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of

DOCS_DE:238625.2 70753/001

the Reorganized Debtors, the Liquidating Trust, or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors, the Liquidating Trust, or any other parties in interest under the Bankruptcy Code or any other applicable law.

12. For the avoidance of doubt, the Court retains jurisdiction to adjudicate, decide, and resolve any and all disputes, litigation or other matters relating to, or arising from, the disposition of the Liquidating Trust Assets (as defined in the Plan) and/or any proceeds derived therefrom, including any such assets and/or proceeds relating to, or arising from, the Other Litigation or otherwise, and the entry of this Final Decree and closure of the Closing Cases shall be without prejudice to and with full reservation of the parties' rights in any such assets and/or proceeds.

13. The Liquidating Trust, the Reorganized Debtors, and their agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Date March 28, 2022
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

7

DOCS_DE:238625.2 70753/001